Robert E. FUNKHOUSER and Eleanor E. Funkhouser, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 7057.

United States Court of Appeals Fourth Circuit.

Argued March 21, 1956.

Decided April 9, 1956.

Robert E. Funkhouser, pro se.

Walter Akerman, Jr., Atty., Dept. of Justice (Charles K. Rice, Acting Asst. Atty. Gen., Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, on brief), for respondent.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BRYAN, District Judge.

PER CURIAM.

A petition for rehearing filed in this case alleges that taxpayer had just discovered evidence to the effect that approximately $32,000 collected under a jeopardy assessment had not been properly credited on the judgment of the Tax Court. We ordered argument on the petition for the purpose of determining whether there was newly discovered evidence showing error or mistake entitling taxpayer to relief from the judgment appealed from, and whether the case should be remanded to the Tax Court for reconsideration in the light thereof. On the argument, it appears that, if there was mistake in crediting collections under the jeopardy assessment, this was not a mistake affecting the amount of the judgment from which appeal was taken. The Commissioner contends that the apparent discrepancy between the amount collected under the jeopardy assessment and the amount credited on the judgment is explained by the fact that part of the amount collected was used in the payment of interest for which taxpayer is liable but which is not dealt with in the judgment. The Commissioner admits, however, that there was an error in the computation of interest of approximately $1,000 for which he has tendered a refund to taxpayer.

As the crediting of collections under the jeopardy assessment is not a matter which could affect the amount of the consent judgment entered by the Tax Court, it is not a matter which would justify a rehearing of the cause. If taxpayer is entitled to any moneys collected under the jeopardy assessment which have not been properly credited against his tax liability, he has a remedy by suit therefor in a proper court, if they have not been refunded to him in the meantime.

Rehearing denied.